UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEPHEN KERR EUGSTER,

                Plaintiff,

   v.

PAULA LITTLEWOOD, *et al.*,

                Defendants.

NO. 2:17-CV-0392-TOR

ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS AMENDED COMPLAINT

BEFORE THE COURT is Defendants' Joint Motion to Dismiss Amended Complaint. ECF No. 34. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Joint Motion to Dismiss Amended Complaint (ECF No. 34) is **GRANTED**.

## BACKGROUND

On November 25, 2017, Plaintiff Stephen Kerr Eugster, proceeding *pro se*, filed this Complaint against Defendants Paula C. Littlewood and the Washington

State Bar Association ("WSBA"). ECF No. 1. Mr. Eugster alleges violation of his constitutional rights under 42 U.S.C. § 1983, and violation of procedural due process and his fundamental rights because of compelled membership in the WSBA. *Id.* at 8-10.

On January 30, 2018, Ms. Littlewood and the WSBA filed a Motion to Dismiss. ECF No. 8. On February 7, 2018, Mr. Eugster filed an Amended Complaint, which removed the WSBA as a party and added each Justice of the Washington State Supreme Court as Defendants. ECF No. 9. The Amended Complaint also added and removed claims. *See id.*

On February 16, 2018, the parties jointly moved to withdraw the pending Motion to Dismiss, as the relevance of the arguments were affected by the Amended Complaint. ECF No. 21 at 2. The parties further stipulated that Ms. Littlewood should be allowed additional time to respond to the Amended Complaint. *Id.* Lastly, the parties stipulated that former Defendant WSBA should be formally dismissed from this matter. *Id.* On February 22, 2018, the Court granted the withdrawal of Ms. Littlewood's Motion to Dismiss and ordered her to file a response to the Amended Complaint no later than April 11, 2018. ECF No. 23 at 3. The Court dismissed the WSBA from this case. *Id.*

On March 1, 2018, Mr. Eugster filed a Motion for Summary Judgment. ECF No. 25. On March 7, 2018, Defendants filed a Motion to Strike Motion for

Summary Judgment and to Stay Other Proceedings Pending Adjudication of Motion to Dismiss. ECF No. 27. The Court stayed all proceedings other than Defendants' Motion to Dismiss until that motion is resolved. ECF No. 33. The Court denied Defendants request to strike Mr. Eugster's Motion for Summary Judgment. *Id.* On March 22, 2018, Defendants filed the instant Motion to Dismiss. ECF No. 34.

## FACTS

The following facts are principally drawn from Mr. Eugster's Amended Complaint (ECF No. 9) and are accepted as true for the purposes of the instant motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Mr. Eugster is a licensed attorney and a member of the WSBA. ECF No. 9 at ¶ 19. There are a number of prior cases between Mr. Eugster and the WSBA and its officers.

The first appears to have occurred in 2005 when the WSBA charged Mr. Eugster with numerous counts of attorney misconduct. ECF No. 9 at ¶ 43; *In re Disciplinary Proceeding Against Eugster*, 166 Wash.2d 293 (2009) ("*Eugster I*"). The WSBA Disciplinary Board unanimously recommended Mr. Eugster be disbarred, but five justices of the Washington State Supreme Court decided to suspend Mr. Eugster from the practice of law for 18 months in June 2009. *Eugster I*, 166 Wash.2d at 311, 327-28.

In 2010, Mr. Eugster filed suit against the WSBA, WSBA Board of Governors, and Washington State Supreme Court Justices, alleging that the WSBA's attorney discipline system violated Mr. Eugster's due process rights under the Fifth and Fourteenth Amendments. ECF No. 9 at ¶ 44; *Eugster v. Washington State Bar Ass'n*, No. CV 09-357-SMM, 2010 WL 2926237, at *2 (E.D. Wash. July 23, 2010) ("*Eugster II*"). The district court dismissed the matter after finding Mr. Eugster lacked standing and the Ninth Circuit affirmed. *Eugster II*, 2010 WL 2926237, at *11; *Eugster v. Washington State Bar Ass'n*, 474 Fed. App'x 624 (9th Cir. 2012).

In March 2015, Mr. Eugster filed another lawsuit against the WSBA, various officers, and the Washington State Supreme Court Justices, this time in the Western District of Washington. ECF No. 9 at ¶ 45; *Eugster v. Washington State Bar Ass'n*, No. C15-0375JLR, 2015 WL 5175722 (W.D. Wash. Sept. 3, 2015), *aff'd*, 684 F. App'x 618 (9th Cir. 2017) ("*Eugster III*"). Mr. Eugster alleged that the mandatory WSBA membership and required dues violated his First and Fourteenth Amendment freedoms by compelling speech and association. *Eugster III*, 2015 WL 5175722, at *2. Mr. Eugster asserts that he sought to have the district court overrule *Lathrop v. Donohue*, 367 U.S. 820 (1961), and to apply strict constitutional scrutiny to his forced membership in the WSBA. ECF No. 35 at 8. The Western District of Washington dismissed Mr. Eugster's complaint. ECF No.

9 at ¶ 45; *Eugster III*, 2015 WL 5175722, at *9.  Mr. Eugster appealed to the Ninth Circuit.  ECF No. 9 at ¶ 45.  He asserts that the Ninth Circuit held that it could not overrule *Lathrop* because it was a decision of the United States Supreme Court. ECF No. 9 at ¶ 45; *see Eugster*, 684 F. App'x 618 (9th Cir. 2017).  Mr. Eugster then filed a Petition for Writ of Certiorari in the United States Supreme Court, but the petition was denied.  ECF No. 9 at ¶ 45; *see Eugster v. Washington State Bar Ass'n*, 137 S.Ct. 2315 (2017).

In November 2015, Mr. Eugster filed another lawsuit against the WSBA and its officials in Spokane County Superior Court.  ECF No. 9 at ¶ 46; *Eugster v. Washington State Bar Ass'n*, 198 Wash. App. 758, *review denied*, 189 Wash.2d 1018 (2017) ("*Eugster IV*").  Mr. Eugster alleged that the WSBA Washington Lawyer Discipline System violated his rights to procedural due process under the Fifth and Fourteenth Amendments.  ECF No. 35 at 10.  The superior court dismissed the suit with prejudice for lack of subject matter jurisdiction and for failure to state a claim.  *Eugster IV*, 198 Wash. App. at 771.  Mr. Eugster appealed to Division III of the Washington Court of Appeals.  On appeal, Mr. Eugster also asserted that the WSBA ended and a new association was born when the board added limited practice officers and limited license legal technicians as members to the association.  *Id*. at 772.  The court held that the trial court had subject matter jurisdiction, but his action was barred under res judicata.  *Id*. at 796.

In December 2015, Mr. Eugster filed a Complaint in this Court. ECF Nos. 9 at ¶ 47; 35 at 11; *Stephen Kerr Eugster v. Littlewood*, No. 2:15-CV-0352-TOR, 2016 WL 3632711 (E.D. Wash. June 29, 2016) ("*Eugster V*"). Mr. Eugster asserted claims against the officials of the WSBA, alleging that the WSBA Washington Lawyer System was unconstitutional because it did not pass strict scrutiny and violated due process. *Eugster V*, 2016 WL 3632711, at *1. This Court dismissed with prejudice, finding that Mr. Eugster's claims were barred by res judicata. *Id.* at *6. Mr. Eugster asserts that his appeal is currently pending in the Ninth Circuit. ECF Nos. 9 at ¶ 47; 35 at 11-12.

In November 2016, Mr. Eugster filed suit against the WSBA and its officials in the Western District of Washington. *Eugster v. State Bar Ass'n*, No. 2:16-CV-1765 (W.D. Wash.) ("*Eugster VI*"). Mr. Eugster states that he "took a non-suit rightfully taken under court rules" and that this case is irrelevant. ECF No. 35 at 12. Defendants assert that Mr. Eugster again alleged that compulsory bar membership and fees were unconstitutional and that the lawyer discipline system violated due process. ECF No. 34 at 10. Defendants note that Mr. Eugster voluntarily dismissed the case on January 4, 2017. *Id.*

In January 2017, Mr. Eugster was retained by WSBA attorneys Robert E. Caruso and Sandra L. Ferguson to represent them in a putative class action against the WSBA. ECF Nos. 9 at ¶ 48; 35 at 12-13; *Caruso v. Wash. State Bar Ass'n*, No.

C17-003 RSM, 2017 WL 1957077, at *1 (W.D. Wash. May 11, 2017). Mr. Caruso and Ms. Ferguson alleged violations of the First and Fourteenth Amendment for compelled membership and dues in the WSBA. *Caruso*, 2017 WL 1957077, at *1. They also asserted that compulsory dues violated their right of freedom of speech under the First and Fourteenth Amendments. *Id.* They contested that the WSBA discipline system violated their constitutional due process rights and deprived their rights under the doctrine of constitutional scrutiny. *Id.* The Western District of Washington dismissed their claims with prejudice. *Id.* at *5. The case was appealed to the Ninth Circuit, which recently affirmed the district court. *Caruso v. Washington State Bar Ass'n 1933*, 716 F. App'x 650 (9th Cir. 2018).

## DISCUSSION

### I.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any

"materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

## II. Res Judicata

Defendants assert that all of Mr. Eugster's claims are barred by res judicata. ECF No. 34 at 13-14. Res judicata, also known as claim preclusion, refers to "[t]he preclusive effect of a judgment … which … forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks and citation omitted). Res judicata "protect[s] against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)). "The party asserting preclusion bears the burden of showing with clarity and

certainty what was determined by the prior judgment." *Clark v. Bear Stearns &*
*Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992).

"Under [claim preclusion], a final judgment on the merits bars further claims
by parties or their privies based on the same cause of action." *Montana*, 440 U.S.
at 153. Three elements are required to establish claim preclusion: "(1) an identity
of claims, (2) a final judgment on the merits, and (3) privity between parties."
*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150
(9th Cir. 2011) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning
Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

Under the first element, claim preclusion "bars all grounds for recovery
which could have been asserted, whether they were or not, in a prior suit between
the same parties on the same cause of action." *Clark*, 966 F.2d at 1320 (citation
omitted). While a flexible analysis, the Ninth Circuit has identified four factors
used to determine whether a previous adjudication precludes specific causes of
action:

> (1) [W]hether rights or interests established in the prior judgment
> would be destroyed or impaired by prosecution of the second action;
> (2) whether substantially the same evidence is presented in the two
> actions; (3) whether the two suits involve infringement of the same
> right; and (4) whether the two suits arise out of the same transactional
> nucleus of facts.

*Id.* The fourth factor is the most important. *Id.*; *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)).

Under the final element, "'[p]rivity—for the purposes of applying the doctrine of res judicata—is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *F.T.C. v. Garvey*, 383 F.3d 891, 897 (9th Cir. 2004) (internal quotation marks omitted). "[P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Tahoe-Sierra*, 322 F.3d at 1081-82. "Even when the parties are not identical, privity may exist if there is substantial identity between parties, that is, when there is sufficient commonality of interest." *Id.* at 1081 (internal quotation marks and citation omitted). A substantial identity between parties may be established for instance "where the nonparty had a significant interest and participated in the prior action" or "where the interests of the nonparty and party

are so closely aligned as to be virtually representative." *Id.* at 1082 (internal

quotation marks and citation omitted).

**A. Case Distinctions**

As an initial matter, Mr. Eugster insists that his previous suits are

distinguishable because the WSBA was an integrated bar association limited to

lawyers. ECF Nos. 9 at ¶ 27; 35 at 14, 16-17. Mr. Eugster contends that the

WSBA is now a bar association of lawyers, limited practice officers, and limited

license legal technicians created by the Washington State Supreme Court under

General Rule (GR) 12.2. ECF Nos. 9 at ¶ 27; 35 at 14.

Defendants assert that Mr. Eugster has already raised the same argument in

*Caruso* and it was rejected as frivolous. ECF No. 34 at 16; *Caruso*, 2017 WL

1957077, at *3. Defendants then insist that the argument remains frivolous here.

ECF No. 34 at 16. Defendants argue that Mr. Eugster never explains how the

designation of limited-license practitioners as WSBA members makes any

difference to his claims. *Id.*; 36 at 2-3. Defendants contend that mandatory bar

membership and license fees still serve strong state interests and impose minimal

burdens on speech and association regardless of whether limited-license

practitioners are designated as bar members. ECF No. 34 at 16. Defendants note

that the Washington State Supreme Court and WSBA have authorized and

regulated limited-license practitioners since 1983 and Mr. Eugster already

unsuccessfully challenged spending for such regulation in *Eugster III*. *Id.* at 17; *see Eugster III*, 2015 WL 5175722, at *7. Defendants conclude that the issue of limited-license practice is not new, it has been or should have been litigated in each of Mr. Eugster's prior suits, and it does not affect the outcome here. ECF No. 34 at 17.

The Court agrees with Defendants that the WSBA's inclusion of limited-license practitioners does not sufficiently distinguish Mr. Eugster's prior cases so that res judicata should not be considered. In *Caruso*, the Western District of Washington considered and rejected the alleged distinction between "WSBA 1933" and "WSBA 2017." 2017 WL 1957077, at *3. The court determined that the WSBA has statutory authority to amend its bylaws and rejected Mr. Eugster's contention that the WSBA was a new entity.[1] *Id.*

_____

[1] While the Ninth Circuit affirmed the district court, a mandate has not yet been entered. *Caruso*, 716 F. App'x at 650. Federal law establishes that "the preclusive effect of a judgment from which an appeal has been taken is that the pendency of an appeal does not suspend the operation of an otherwise final judgment for purpose of *res judicata*." *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985). Washington law also dictates that the pendency of an appeal does not suspend or negate the res judicata effect. *See Lejeune v. Clallam Cnty.*,

This Court agrees that the issue has been previously raised, considered, and rejected. While the parties in *Caruso* were represented by Mr. Eugster, the Court finds that there is sufficient privity between the parties to justify a res judicata consideration. There is a substantial identity between Mr. Caruso, Ms. Ferguson, and Mr. Eugster. Mr. Caruso and Ms. Ferguson sought to enjoin the WSBA and its officials from compelling them to be members of the WSBA and pay dues, the same contention Mr. Eugster asserted in his previous suits. *Caruso*, 2017 WL 1957077, at *1. Mr. Caruso and Ms. Ferguson brought a claim under § 1983 for violation of the First and Fourteenth Amendments for compelled membership. They also brought claims for violation of free speech, due process, and that the WSBA discipline system deprived them of their rights under constitutional scrutiny. *Id.* These are the same claims brought by Mr. Eugster in his previous lawsuits and his current case before this Court. This Court then finds that there exists a substantial identity between the parties because Mr. Eugster had a significant interest and participated in *Caruso* as Plaintiffs' attorney. The interests

64 Wash. App. 257, 265-66 (1992) (explaining a judgment becomes final for res judicata purposes at the beginning, not the end, of the appellate process, although res judicata can still be defeated by later rulings on appeal). Therefore, this Court finds that the decision in *Caruso* is a final judgment on the merits.

of Mr. Eugster, Mr. Caruso, and Ms. Ferguson are so closely aligned as to be virtually representative. *See Tahoe-Sierra*, 322 F.3d at 1082. The Court notes that the issue was also raised in *Eugster III* where Mr. Eugster was a party to the case. *See* 2015 WL 5175722, at *7.

Accordingly, the Court finds that this is not a case of first impression. *See* ECF No. 9 at ¶ 2. The alleged difference in the WSBA created under a bylaw amendment has already been litigated where Mr. Eugster was in privity with the parties and the court found the distinction lacked merit. This Court also determines that the WSBA's inclusion of limited-license practitioners does not change the common nucleus of facts arising from all of these lawsuits, namely Mr. Eugster's objection to his compelled membership and dues in the WSBA. The Court rejects Mr. Eugster's distinction and considers the merits of Defendants' res judicata argument below.

## B. Bar Membership and License Fees

Mr. Eugster asserts that the requirement to maintain bar membership and pay license fees to practice law violates his constitutional rights of association and speech under the First and Fourteenth Amendments. ECF No. 9 at ¶¶ 77-98. Defendants insist that Mr. Eugster has already raised this claim in *Eugster III*. ECF No. 34 at 14. Defendants emphasize that Mr. Eugster also could have raised

this claim in any of his other suits, including when he challenged the lawyer

discipline system in *Eugster IV* and *V*. *Id*.

The Court finds that Mr. Eugster's claims regarding his constitutional rights

of association and speech were asserted in *Eugster III* and thus his claims are

barred here. First, this case arose from the same nucleus of fact regarding bar

membership and license fees. In *Eugster III*, Mr. Eugster asserted that mandatory

WSBA dues and the way in which they were spent violated his First and

Fourteenth Amendment freedoms by compelling speech and association. *Eugster*

*III*, 2015 WL 5175722, at *2. Merely because the Western District of Washington

and Ninth Circuit determined that they could not overrule *Lanthrop v. Donohue*

does not distinguish this case from the situation here where Mr. Eugster is still

alleging the same claim regarding constitutional violations of association and

speech. *See* ECF No. 35 at 8-9.

Second, there was a final decision on the merits as the Western District of

Washington dismissed Mr. Eugster's claim regarding mandatory bar membership

with prejudice and mandatory fees with prejudice with respect to the WSBA and

without prejudice to all other defendants. *Eugster III*, 2015 WL 5175722, at *9.

The Ninth Circuit then affirmed. *Eugster*, 684 Fed. App'x at 618. Third, there

exists privity between the parties because both cases involve Mr. Eugster as

plaintiff and the officials of the WSBA and Justices of the Washington State Supreme Court as defendants. *Eugster III*, 2015 WL 5175722, at *1.

Accordingly, this Court finds that Mr. Eugster's claims regarding compelled speech and association are barred by res judicata.

## C. Use of License Fees

Mr. Eugster alleges that the WSBA improperly spends his fees for "purposes which are not germane to the practice of law" in violation of his First and Fourteenth Amendment rights. ECF No. 9 at ¶¶ 23, 92-98. Defendants insist that Mr. Eugster already raised this claim in *Eugster III* and that he could have raised this claim again in any of his other lawsuits, but he did not. ECF No. 34 at 14-15.

In *Eugster III*, Mr. Eugster asserted that the way WSBA dues were spent violated his First and Fourteenth Amendment freedoms by compelling speech and association. *Eugster III*, 2015 WL 5175722, at *1. The Western District of Washington determined that Mr. Eugster failed to allege facts supporting that the WSBA's chargeable dues infringed on his constitutional rights to free association and speech. *Id.* at *7. There was a final judgment on the merits, which the Ninth Circuit affirmed, and privity between parties as discussed above.

Accordingly, the Court finds that Mr. Eugster's claims regarding the WSBA's use of license fees is barred by res judicata.

//

**D. Discipline System Procedures**

Mr. Eugster asserts that his "fundamental rights of procedural due process under the Fifth and Fourteenth Amendments to the United States Constitution are also affected by forcing Plaintiff to subject himself to the WSBA discipline system, it violates the Constitutional Scrutiny Test." ECF No. 9 at ¶¶ 25, 81. Defendants contend that Mr. Eugster had the opportunity to raise this challenge during his prior disciplinary proceeding. ECF No. 34 at 15; *see Eugster I*, 166 Wash.2d at 293. Defendants emphasize that Mr. Eugster also raised the same claim in subsequent suits. ECF No. 34 at 15.

The Court finds that Mr. Eugster's objection to the WSBA's discipline system is barred by res judicata. In *Eugster II*, Mr. Eugster alleged that the WSBA Washington Lawyer Discipline System violated his due process rights under the Fifth and Fourteenth Amendments, but he voluntarily dismissed this claim. *Eugster II*, 2010 WL 2926237, at *4. In *Eugster IV*, Mr. Eugster claimed that the discipline system was unconstitutional because it did not pass strict scrutiny and violated a lawyer's right to due process of law. *Eugster IV*, 198 Wash. App. at 768. The Washington Court of Appeals found Mr. Eugster could have asserted his due process argument in at least one earlier proceeding and thus his claim was barred by res judicata. *Id.* at 763, 796. In *Eugster V*, Mr. Eugster alleged that the discipline system was unconstitutional because it did not pass strict scrutiny and

violated procedural due process. *Eugster V*, 2016 WL 3632711, at *1. Mr.

Eugster's due process claim was barred by res judicata. *Id.* at *5.

This Court agrees with these prior rulings that Mr. Eugster had an

opportunity to raise his due process claim. Accordingly, the Court finds that Mr.

Eugster's disciplinary claim is barred by res judicata. The Court need not address

Defendants' arguments regarding collateral estoppel and addresses Mr. Eugster's

remaining monopoly claim below.

## III.    Failure on the Merits: Monopoly

Mr. Eugster alleges that the WSBA and Washington Supreme Court is a

"state-created government monopoly over the practice of law in the State of

Washington." ECF No. 9 at ¶ 62. Defendants contend that Mr. Eugster could have

raised this theory before and is barred from doing so now. ECF No. 34 at 17.

Defendants emphasize that Mr. Eugster never explains how Washington's bar

system constitutes a monopoly and he cannot because regulation and

monopolization are distinct concepts. *Id.* at 18. Defendants contend that Mr.

Eugster's monopoly claim would also fail under the state immunity doctrine. *Id.*;

*see Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 609-10 (9th Cir.

2005).

The Court finds that Mr. Eugster could have likely raised this issue in his

prior lawsuits. Mr. Eugster alleges that he is required to be a member and pay dues

to a monopoly, but this objection stems from violations of the First, Fifth, and Fourteenth Amendments that have already been litigated in previous cases as discussed above. ECF No. 9 at ¶¶ 69-74. Yet, the Court still considers the merits of the claim and finds that Mr. Eugster fails to establish a plausible claim for relief.

Mr. Eugster is unable to establish that the WSBA officials and Justices of the Washington State Supreme Court can be sued under an antitrust theory. *See* ECF No. 9 at ¶¶ 69-73. The Supreme Court has held that the Sherman Act does not apply to certain categories of state action. *Parker v. Brown*, 317 U.S. 341, 352 (1943). The Ninth Circuit noted that later Supreme Court decisions held that "one of these categories is the regulation of attorneys by a state supreme court." *Mothershed*, 410 F.3d at 608. Here, the Washington State Supreme Court "authorizes and supervises the Washington State Bar Association's activities," meaning that compelled membership and required fees are at the direction of the Washington State Supreme Court or the State as sovereign. GR 12.2; *see Mothershed*, 410 F.3d at 608. The Washington Supreme Court and WSBA are then not amendable to a Sherman Act challenge. *See Mothershed*, 410 F.3d at 608. Mr. Eugster's argument also fails under state antitrust laws because Washington antitrust law is construed in accordance with federal law. *See* RCW 19.86.920.

The Court finds that even if Mr. Eugster could not have raised his monopoly argument in the prior lawsuits, he still fails to allege sufficient facts to state a claim

for relief that is plausible on its face because the Justices of the Washington State Supreme Court and WSBA officials are not amendable to an antitrust challenge under the Sherman Act or state law. *See Iqbal*, 556 U.S. at 678.

## IV. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012).

Here, the Court finds that Mr. Eugster cannot prevail and it would be futile to give him an opportunity to amend. The majority of Mr. Eugster's claims are barred by res judicata and the only remaining claim that could be amended is Mr. Eugster's monopoly argument. Yet, the Court finds that there is no set of facts Mr. Eugster could allege to overcome the Washington Supreme Court and WSBA's immunity from an antitrust challenge. Mr. Eugster's pleadings then cannot possibly be cured by other facts and the Court dismisses his claims with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Joint Motion to Dismiss Amended Complaint (ECF No. 34) is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment (ECF No. 25) is **DENIED as moot.**

3. Plaintiff's claims are **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties, and **CLOSE** the file.

**DATED** May 11, 2018.



THOMAS O. RICE
Chief United States District Judge